IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ADOLPHE ROLAND ZOA** | * | |
| Petitioner, | * | |
| v. | * | Civil No. **PJM 10-2823** |
| **UNITED STATES,** | * | Criminal No. **PJM 06-235** |
| Respondent. | * | |

**MEMORANDUM OPINION**

Adolpe Roland Zoa, *pro se*, filed a Motion to Vacate, Set Aside, or Correct Sentence [Paper No. 137]. He later filed an Amended Motion to Vacate [Paper No. 149]. Having considered the Motions and the Government's Opposition thereto and for the reasons that follow, the Court **DENIES** the Motions.

**I.**

Zoa is a Cameroon national and a permanent resident of the United States. He pleaded guilty to bank fraud and aggravated identity theft on December 19, 2007. On January 26, 2009, Zoa was sentenced to twenty-two months in prison and five years of supervised release. He did not file an appeal.

Zoa has filed the instant Motions to Vacate,[1] pursuant to 28 U.S.C. § 2255,[2] arguing that his counsel rendered ineffective assistance and that he was denied his rights under the Vienna Convention on Consular Relations.

---

[1] Zoa filed his first motion as a "Motion to Re-open and Put Aside Judgment." The Court issued an Order offering to recharacterize Zoa's motion as a § 2255 motion if Zoa so desired [Paper No. 138]. Zoa informed the Court that he wanted to proceed with the § 2255 course of action and that he did not have any other claims [Paper No. 139].

[2] The Court notes that, per the terms of 28 U.S.C. § 2255, Zoa's Motions are not timely. *See* 28 U.S.C. § 2255(f) (setting a one-year statute of limitations for § 2255 motions, starting from the date on which the judgment of

1

First, Zoa argues that his lawyer provided ineffective assistance in violation of the Sixth Amendment to the United States Constitution. He alleges that because his lawyer failed to inform him of the immigration consequences of entering a guilty plea, his counsel was constitutionally deficient. *See Padilla v. Kentucky*, 130 S. Ct. 1473, 1486 (2010). According to Zoa, his counsel represented to him and to the immigration judge during an immigration hearing that deportation was not an issue because the sentence in Zoa's criminal case would be less than one year. Zoa states that he is facing removal proceedings and that had he known about the immigration consequences, he would not have agreed to the plea and would have instead proceeded to trial.

Second, Zoa argues that because he was not informed of his right to meet with his consulate after his arrest, he was denied his rights under the Vienna Convention on Consular Relations. Vienna Convention on Consular Relations, art. 36, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261 ("Vienna Convention").

In response, the Government argues that Zoa's statements at the plea hearing confirmed that he understood the immigration consequences of the plea and that he was satisfied with his attorney. During the plea colloquoy, the Court asked Zoa if he understood the possible consequences of a plea on his immigration status. He confirmed that he understood. The Court also asked Zoa if he was satisfied with his counsel's performance, and he indicated that he was. The Government argues that Zoa's motion should be denied because absent extraordinary circumstances, a district court should dismiss any § 2255 motion that relies on allegations that contradict the sworn statements. *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005).

---

conviction becomes final). Because the Government did not challenge Zoa's motions as untimely, the Court will consider them in their entirety.

The Court agrees with the Government's position and finds Zoa's arguments to be without merit.

## II.

Zoa argues that his lawyer provided ineffective assistance of counsel. His arguments are wholly without merit because they show neither deficient performance nor any prejudice to his case.

### A.

A claim of ineffective assistance of counsel in violation of a habeas petitioner's Sixth Amendment rights is examined under the familiar two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

Under *Strickland*'s first prong, a petitioner must "show that counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687. A petitioner may make such a showing by proving that his counsel "fell below an objective standard of reasonableness" "under prevailing professional norms." *Id.* at 687–88; *see also United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). In other words, the performance of petitioner's counsel must have been outside "the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citations omitted). Under this prong, the law presumes that a defense attorney was competent, and "[j]udicial scrutiny of counsel's performance must be highly deferential [because i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence . . . ." *Strickland*, 466 U.S. at 689.

A habeas petitioner is ordinarily bound by the representations he made under oath during a plea colloquy. *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992). That is, absent clear and convincing evidence showing that his sworn representations were somehow

3

inaccurate, untruthful, or involuntary, a petitioner cannot satisfy the first prong of the *Strickland* standard merely by making claims of ineffective assistance that are plainly belied by representations made to the Court during his plea colloquy. *See id.*; *see also Beck v. Angelone*, 261 F.3d 377, 396 (4th Cir. 2001).

In any event, even if a habeas petitioner were to succeed in showing that his counsel's performance "fell below an objective standard of reasonableness" "under prevailing professional norms," *Strickland*, 466 U.S. at 687-88, he must still satisfy the second prong of the *Strickland* test by showing that his counsel's "deficient performance prejudiced the defense." *Id.* at 687. To demonstrate prejudice with respect to his plea of guilty, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

**B.**

Zoa's ineffective assistance of counsel arguments fail to survive the *Strickland* two-prong test.

First, although Zoa argues that *Padilla* requires that counsel inform their clients of the possible immigration consequences of any plea agreement, s*ee Padilla*, 130 S. Ct. at 1486, the Fourth Circuit has determined that nothing in *Padilla* "indicates that it is retroactively applicable." *United States v. Hernandez-Monreal*, 404 F. App'x 714, 715 n.\* (4th Cir. 2010); *see also Thai Hong Doan v. United States*, 760 F. Supp. 2d 602, 606 (E.D. Va. 2011). Zoa pleaded guilty in 2007 and was sentenced in 2009, before *Padilla* was decided. Even assuming that *Padilla* stands for the proposition that an attorney's failure to inform a client about the risk of deportation meets the first prong of *Strickland*, the Court cannot hold Zoa's attorney to a standard that did not exist at the time of the plea negotiations and that has not been made retroactive.

4

Second, Zoa's arguments that he did not understand the immigration consequences of his plea and that his lawyer provided ineffective assistance are belied by the sworn statements he made during his plea hearing. As noted *supra*, Zoa expressly represented to the Court during his plea colloquy that he understood that pleading guilty to the indictment could affect his immigration status. He also stated that he was satisfied with his counsel's performance. Absent clear and convincing evidence that these representations were inaccurate, untruthful, or involuntary, Zoa cannot now construct a claim of ineffective assistance of counsel merely by making assertions that contradict sworn statements he made to the Court. *See Fields*, 956 F.2d at 1299; *Beck*, 261 F.3d at 396; *see also Lemaster*, 403 F.3d at 221-22 (finding that district courts should dismiss § 2255 motions that rely on allegations that contradict sworn statements from plea hearings).

Accordingly, the Court finds that Zoa's ineffective assistance of counsel arguments are without merit.

### III.

Zoa next argues that his rights under the Vienna Convention were violated when the arresting officers did not inform him of his right to contact the consulate of Cameroon.

Article 36(1)(b) of the Vienna Convention states:

> [I]f he so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner. Any communication addressed to the consular post by the person arrested, in prison, custody or detention shall be forwarded by the said authorities without delay. The said authorities shall inform the person concerned without delay of his rights under this subparagraph.

Vienna Convention, 21 U.S.T. at 101.

Even assuming that the Vienna Convention creates individual rights, it does not create constitutional rights.[3] *Murphy v. Netherland*, 116 F.3d 97, 100 (4th Cir. 1997). A defendant must therefore show that a denial of Vienna Convention rights has prejudiced the defendant's case in some way. *See, e.g.*, *United States v. Cisneros*, 397 F. Supp. 2d 796, 733-34 (E.D. Va. 2005) (detailing Fourth Circuit precedent requiring a finding of prejudice for a defendant to prevail on Vienna Convention claims).

Here Zoa argues that his sentence should be modified because he was not notified of the opportunity to speak with the Cameroon consulate. He has not shown, however, that his case was prejudiced as a result of the alleged treaty violation. Zoa merely points out that he was denied the opportunity to speak with the consulate. He does not claim that, after speaking with the consulate, he would have changed his guilty plea and proceeded to trial. Absent evidence that speaking to the consulate would have affected Zoa's plea, the denial of his Vienna Convention rights does not amount to prejudice in his case.

## IV.

For the foregoing reasons, Zoa's Motion to Vacate, Set Aside, or Correct Sentence [Paper No. 137] and Amended Motion to Vacate [Paper No. 149] are **DENIED**.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**August 1, 2011.**

---

[3] Indeed, the Supreme Court has found that the Vienna Convention largely does not affect criminal proceedings. *See, e.g.*, *Garcia v. Texas*, 131 S. Ct. 2866 (2011) (per curiam) (denying request for a stay of execution over petitioner's claim that his conviction was in violation of the Vienna Convention).